IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BANK OF NEW YORK MELLON TRUST CO., N.A., AS TRUSTEE FOR MORTGAGE ASSETS MANAGEMENT SERIES I TRUST, PLAINTIFF, | § § § § § § | |
| V. | § § | CASE NO. 3:18-CV-1606-M-BK |
| RUBY JEWELL DABNEY & SHEBRENA ANN DABNEY, DEFENDANTS. | § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case has been referred to the undersigned United States magistrate judge for pretrial management. Doc. 3. Before the Court is *Plaintiff's Motion for Final Default Judgment*. Doc. 36. For the reasons that follow, the motion is **DENIED WITHOUT PREJUDICE**.

## I.    BACKGROUND

In the operative *Second Amended Complaint*, Plaintiff[1] seeks foreclosure and related relief with respect to the property located at 4249 Huckleberry Circle, Dallas, Texas 75216. Doc. 35 at 2. When Defendants made no appearance and failed to properly plead, respond, or otherwise defend, Plaintiff filed the instant motion for default judgment. Doc. 36. This motion followed.

---

[1] CIT Bank, N.A., the original plaintiff in this matter, assigned the at-issue Deed of Trust to Plaintiff. Doc. 35 at 4. Plaintiff attached the instrument assigning the Deed of Trust to its *Second Amended Complaint* as "Exhibit E." Doc. 35-1 at 23-26.

## II.   ANALYSIS

Under Federal Rule of Civil Procedure 55, a default occurs when defendants fail to plead or otherwise respond to a properly served complaint within the time required. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). Thus, for a party to obtain a default judgment, (1) the defendants must be properly served and (2) the Clerk of Court must have first entered default. *Id.*; FED. R. CIV. P. 55(a). With respect to Plaintiff's *Second Amended Complaint*, neither has occurred, making the motion *sub judice* "procedurally and substantively defective at present." *U.S. Bank Nat'l Ass'n v. Harris*, No. 4:16-CV-00498-ALM-CAN, 2018 WL 4677809, at *1 (E.D. Tex. Mar. 14, 2018), *adopted by* 2018 WL 4677800 (E.D. Tex. Apr. 4, 2018).

**1. Defendants were not properly served.**

Plaintiff claims the *Second Amended Complaint* was properly served on Defendants. Doc. 36 at 2. It clarifies: "Since Defendants were previously personally served with a copy of the original summons and original complaint, which contained the same causes of action and transaction referenced in the *Second Amended Complaint*, service via regular and certified mail of the *Second Amended Complaint* was proper." Doc. 36 at 2-3. But "a pleading that asserts a new claim for relief . . . must be served" on a defaulting party. FED. R. CIV. P. 5(a)(2).

Defendant Ruby Jewell Dabney was served Plaintiff's original *Complaint*. Doc. 6; Doc. 23-1 at 1. Plaintiff's original *Complaint* sought only non-judicial foreclosure, judicial foreclosure, and attorneys' fees, Doc. 1 at 1-5, whereas its *Second Amended Complaint* adds claims for, *inter alia*, a statutory probate lien, declaratory judgment, trespass to try title, and writ of possession, Doc. 35 at 6-9. Defendant Shebrena Ann Dabney was served Plaintiff's first *Amended Complaint*, Doc. 14; Doc. 23-1 at 2, which is more like the *Second Amended*

2

*Complaint* but does not seek declaratory judgment and includes a claim for public auction. Doc. 9 at 5-7.

In addition to the differences in claims alleged, Plaintiff's *Second Amended Complaint* names the Bank of New York Mellon Trust as plaintiff, reflecting transfer of the Deed of Trust underlying this action, whereas the original *Complaint* and first *Amended Complaint* name CIT Bank as plaintiff. *Compare* Doc. 1 at 1 *and* Doc. 9 at 1 *with* Doc. 35 at 1; *see also U.S. Bank*, 2018 WL 4677809, at *1 (finding that, when the original complaint was served but the amended complaint named a substituted plaintiff, service of the latter was required before the court could consider granting default judgment). For this reason alone, Plaintiff's motion fails. *U.S. Bank*, 2018 WL 4677809, at *1; *Staten v. City of Dallas*, No. 3:19-CV-843-L-BN, 2020 WL 1083605, at *3 (N.D. Tex. Mar. 6, 2020) (Horan, J.) (labeling a plaintiff's request for entry of default premature when there was no proof the second amended complaint, which materially differed from the first amended complaint, had been served on defendants).

**2. The Clerk of Court did not enter default on Plaintiff's *Second Amended Complaint*.**

Second, Plaintiff does not address its failure to request entry of default on the *Second Amended Complaint* before it moved for default judgment. When a party files an amended complaint without adopting or incorporating the original complaint—effectively nullifying the original—the clerk of court's entry of default based on the defendants' "failure to answer or otherwise respond to the original Complaint is likewise a nullity and must be set aside." *Longwell v. Wynd Travel Choice Global, Inc.*, No. 1:19-CV-557-RP, 2022 WL 214470, at *2 (W.D. Tex. Jan. 25, 2022) (citing *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)) (quoting *U.S. Bank*, 2018 WL 4677809, at *1). Here, the Clerk of Court entered a default as to Plaintiff's first *Amended Complaint*. Doc. 25. Plaintiff's *Second Amended Complaint* never refers to, adopts, or

3

incorporates by reference the first *Amended Complaint*. Therefore, Plaintiff must seek the Clerk of Court's entry of default as to the *Second Amended Complaint* before Plaintiff may properly move for a default judgment. *Longwell*, 2022 WL 214470, at *2 (collecting cases); *U.S. Bank*, 2018 WL 4677809, at *1 (same).

### III.   CONCLUSION

For the foregoing reasons, *Plaintiff's Motion for Final Default Judgment*, Doc. 36, should be **DENIED WITHOUT PREJUDICE**. Further, the Clerk of Court's entry of default, Doc. 25, should be set aside.

**SO RECOMMENDED** on April 14, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).